**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

EDDIE LAMONT VIRGIL,

    Plaintiff,

vs.

MICHELLE WAGNER, LINDA FANGMAN, MICHAEL BANDY, GEORGE STIGLER,

    Defendants.

No. C15-2030-LRR

ORDER

*TABLE OF CONTENTS*

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.   IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915 . . . . . . . . . . . . . . . . . *2*

III.  STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

IV.  COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

V.   ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

    A.    *Claims Under 42 U.S.C. § 1983* . . . . . . . . . . . . . . . . . . . . . *5*

    B.    *Plaintiff's Claims* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*

VI.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*

*I. INTRODUCTION*

    The matter before the court is the plaintiff's application to proceed in forma pauperis (docket no. 1). The clerk's office filed such application on May 12, 2015. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint under

1

42 U.S.C. § 1983 (docket no. 1-1). In addition, the plaintiff filed a supplement (docket no. 2) on May 22, 2015, a second supplement (docket no. 3) on May 22, 2015, a third supplement (docket no. 4) on June 9, 2015 and a fifth supplement (docket no. 5) on July 1, 2015.

## II. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915

The plaintiff did not submit the statutory filing fee. *See* 28 U.S.C. § 1914(a) (requiring filing fee). In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. 28 U.S.C. § 1915(a)(2). Based on the plaintiff's application and certificate of inmate account, it is clear that the plaintiff does not have sufficient funds to pay the required filing fee. Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee.

A prisoner bringing a civil action in forma pauperis is required to pay the full $350.00 filing fee. 28 U.S.C. § 1915(b)(1). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal.").

Concerning the computation of the initial partial filing fee, the plaintiff is required to submit 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on his average monthly balance and deposits, the court finds that the initial partial filing fee is $1.00. *Id*. The plaintiff shall submit $1.00 by no later than August 17, 2015. *Id*. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

### III. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court, however, can dismiss at any time a complaint filed

in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g.*, *Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

## IV. COMPLAINT

Currently confined at the Iowa Medical and Classification Center in Coralville, Iowa, the plaintiff, proceeding pro se, submitted a complaint under 42 U.S.C. § 1983 to redress issues that are related to his prosecution and conviction. Jurisdiction is predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears to be proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district. The statement of claim portion of the complaint and supplements indicate that the plaintiff is dissatisfied with events that relate to *See State v. Virgil*, Case No. SRCR201742 (Black Hawk Cnty. Dist. Ct. 2015), *State v. Virgil*, Case No. SRCR200691 (Black Hawk Cnty. Dist. Ct. 2014), and/or *State v. Virgil*, Case No. SRCR198312 (Black Hawk Cnty. Dist. Ct. 2014).[1] As relief, the plaintiff states that he

---

[1] Iowa state court civil and criminal records may be accessed online:
(continued…)

4

wants the court to: (1) grant him a fair trial, review the state court proceedings and intervene in them and (2) award him monetary compensation.

## V. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the

---

[1](…continued) http://www.iowacourts.gov/For_the_Public/Court_Services/Docket_Records_Search/index.asp. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing a court's ability to take judicial notice of public records).

5

Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

Given the facts that are alleged in the complaint, the court concludes that the plaintiff's assertions do not give rise to a viable claim under 42 U.S.C. § 1983. The plaintiff is essentially challenging his conviction, not the conditions of his confinement, and, therefore, he can only bring this action as a habeas corpus action. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (stating that a 42 U.S.C. § 1983 action is barred if the plaintiff's claims necessarily imply the invalidity of his confinement or its duration); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that a writ of habeas corpus "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release"); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (finding that a writ of habeas corpus is the only federal remedy available if a plaintiff is challenging the validity of his conviction or the duration of his incarceration and seeking a determination that he is entitled to immediate or speedier release); *Deloria v. Lightenberg*, 400 F. App'x 117, 118 (8th Cir. 2010) (same). Stated differently, the plaintiff's challenge cannot be brought in an action under 42 U.S.C. § 1983 because he would necessarily have to demonstrate the invalidity of his confinement to successfully obtain relief.

As to the specific nature of the relief that is requested, the court lacks the authority to review decisions that the Iowa District Court for Black Hawk County made. The court is precluded from interfering in the interworkings of a state court in criminal matters because the record does not indicate any improper conduct by the prosecution. *See Sprint Communs., Inc. v. Jacobs*, ___ U.S. ___, ___, 134 S. Ct. 584, 591 (2013) (explaining that *Younger v. Harris*, 401 U.S. 37 (1971), precludes a court from intruding into ongoing state

criminal prosecutions); *Zanders v. Swanson*, 573 F.3d 591, 593-95 (8th Cir. 2009) (determining that district court properly abstained from hearing claim because there was no showing of bad faith or other extraordinary circumstances); *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (listing factors to be considered).

In addition to reviewing the decision that the Iowa District Court for Black Hawk County made, the plaintiff requests monetary damages for civil rights violations. To the extent that the plaintiff's claim requests damages in relation to his confinement, such relief is unavailable because nothing indicates that the plaintiff is serving an invalid sentence. *See Heck*, 512 U.S. at 486-87 (clarifying that a cause of action for damages does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus").

Further, none of the defendants are subject to suit. A judge, performing judicial functions, enjoys absolute immunity from 42 U.S.C. § 1983 liability. *See Pierson v. Ray*, 386 U.S. 547, 554-55 (1967); *Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997); *Callahan v. Rendlen*, 806 F.2d 795, 796 (8th Cir. 1996). George Stigler performed as a judge. Accordingly, the plaintiff's action against him shall be dismissed for failing to state a claim upon which relief can be granted. A prosecutor is also immune from civil rights claims that are based on actions taken in the performance of his or her prosecutorial duties. *See Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)); *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993); *Snelling v. Westhof*, 972 F.2d 199, 200 (8th Cir. 1992). Michelle Wagner and Linda Fangman presented the State's case, and their conduct is intimately associated with the judicial phase of the criminal proceedings. Accordingly, the plaintiff's action against Michelle Wagner and Linda Fangman shall be dismissed for failing to state a claim upon which relief can be granted. As to the remaining defendant, a private attorney, even when appointed by the court, ordinarily does not act under color of state law for purposes of filing an action

under 42 U.S.C. § 1983, *see Lemmons v. Law Firm of Morris & Morris*, 39 F.3d 264, 266 (10th Cir. 1994), or as a federal agent for purposes of filing a *Bivens* action, *see Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984). Stated differently, a federal suit generally does not arise for actions that an attorney (privately retained, court-appointed or defender of the public) takes during the course of representing a criminal defendant. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *Haley*, 751 F.2d at 285. Consequently, Michael Bandy's purely private actions afford no basis for federal jurisdiction and the plaintiff's claim, if any, against Michael Bandy is without merit. Accordingly, the plaintiff's action against Michael Bandy shall be dismissed for failing to state a claim upon which relief can be granted.

## *VI. CONCLUSION*

In light of the foregoing, the plaintiff's complaint shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

1) The plaintiff's application to proceed in forma pauperis (docket no. 1) is granted. The plaintiff is directed to submit an initial partial filing of $1.00 by no later than August 17, 2015. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee. Additionally, after the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent

of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(2) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(3) The clerk's office is directed to file the plaintiff's complaint (docket no. 1-1) without the prepayment of the filing fee.

(4) The plaintiff's 42 U.S.C. § 1983 action is dismissed pursuant to pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B).

(5) The dismissal of the instant action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

(6) The clerk's office is directed to enter judgment in favor of the defendants.

**DATED** this 27th day of July, 2015.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO:  WARDEN/ADMINISTRATOR
Iowa Medical and Classification Center, Coralville, Iowa

**NOTICE OF COLLECTION OF FILING FEE**

You are hereby given notice that Eddie Lamont Virgil, #6286876, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Virgil v. Wagner et al.*, Case No. C15-2030-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $1.00, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, after the plaintiff pays the initial partial filing fee of $1.00, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account. Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

_____ Deputy Clerk

Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa